# ZEMAN & WOMBLE, LLP

KEN WOMBLE
20 VESEY STREET, RM 400
NEW YORK, NY 10007

P  (718) 514 - 9100
F  (917) 210 - 3700
WOMBLE@ZEMANWOMBLELAW.COM

WWW.ZEMANWOMBLELAW.COM

---

**VIA ECF & Email**

May 8, 2026

Honorable Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Francheska Doyle,* 26 Cr. 97 (ALC)**

Dear Judge Carter:

I represent Francheska Doyle in the above-entitled matter. By this letter, we request that Ms. Doyle be released from custody pursuant to 18 U.S.C. §3145(b) on specific and stringent conditions that include, initially, release to Samaritan Daytop Village inpatient drug treatment program for a period of not less than 6 months while being secured with location monitoring, to be followed by home detention, routine drug testing, and continued participation in outpatient drug treatment program. Such a set of conditions would reasonably assure the Court that Ms. Doyle would not present the level of flight risk or dangerousness to the community that would require her continued detention.

**Background**

Ms. Doyle was arrested and arraigned on the present indictment on March 18, 2026. Following bail arguments from the parties, Magistrate Judge Cave ordered Ms. Doyle detained. Due to the compressed timeframe of the initial bail arguments, the defense was unable to overcome the presumption of detention, and Judge Cave found that a significant factor in the decision to detain Ms. Doyle was that if released, Ms. Doyle would return to her apartment where she resided with her two children and where the government alleges that narcotics were recovered pursuant to a search.

This bail application does not request that Ms. Doyle be released to that same apartment, but instead, be mandated to an inpatient drug and alcohol treatment facility approximately 2 hours north of New York City, far away from the apartment and environment that are relevant to this prosecution.  It is critical to provide the Court with context for Ms.

Doyle's recent circumstances, as hers was a life derailed by domestic violence and severe addiction.

Francheska Doyle has two teenage children who are both enrolled in New York City schools.  Following her arrest, arraignment and initial bail hearing, her children were under the emergency supervision of Ms. Doyle's boyfriend.  Within days of Ms. Doyle's arraignment, her boyfriend worked with the Administration for Children's Services (ACS) to place the children in that agency's custody.  The children are currently residing with an ACS-approved foster family, have continued attending school and have maintained visits with Ms. Doyle's boyfriend and Ms. Doyle's brother and sister-in-law, as well as contact with Ms. Doyle.

Ms. Doyle's only prior contact with the criminal justice system was a Driving While Intoxicated conviction from 2010.  As a condition of her plea agreement on that case, she successfully completed an alcohol treatment program and complied with every term of her sentence.  During her lone case (prior to the present one), Ms. Doyle made every court appearance and every appointment.  Following treatment, Ms. Doyle did not have issues with drugs or alcohol until 2019.

After years of physical and emotional abuse, Ms. Doyle left her husband and moved with her children into a domestic-violence shelter in 2019.  Shortly after she moved her children into the shelter, the ceiling of her apartment caved in on her, leaving her hospitalized with severe back and neck injuries.  Following this injury, Ms. Doyle self-medicated with alcohol and then supplemented with narcotics to dull the physical pain and the emotional trauma from her marriage.  She has been diagnosed with Post-Traumatic Stress Disorder.

This application is not intended to diminish the seriousness of the charges Ms. Doyle faces.  She understands that her life had gone off the rails and that she placed herself and, more importantly, her children in danger.  She is focused on dealing with her addictions and regaining control of her life.  Through the efforts of mitigation expert Katharine Nephew, LCSW, Ms. Doyle has been interviewed, assessed and has a bed waiting for her at Samaritan Daytop Village.  As the attached letter describes, Ms. Doyle will report directly to the Samaritan Daytop Village admission center in Queens.  We have received assurance from the program that following her intake at the Queens facility, Ms. Doyle will be transferred to their upstate facility to continue her inpatient treatment.  As a female-only treatment facility, Samaritan Daytop Village can provide an appropriate setting for Ms. Doyle to receive the help she so desperately needs.  The treatment facility can also provide counseling to assist Ms. Doyle in dealing with her past trauma of drug and alcohol abuse as well as the scars of domestic violence.

Another significant development pertinent to this application is the increased support

of Ms. Doyle's family, including her brother, sister-in-law and sister. Each individual has, since the beginning of this case, been fully engaged with Ms. Doyle's defense team and has expressed a firm willingness to co-sign any bond. The family is familiar with Ms. Doyle's struggles with drug and alcohol abuse and see the present case as an opportunity to support their sister through the case and into the future.

Ms. Doyle and her family understand the requirements and expectations that will be placed upon her should she be released. Ms. Doyle's sister, who lives in Florida, has been working on a plan for Ms. Doyle and her children to eventually relocate to Florida, far away from the environment that set the stage for the present case. Ms. Doyle also has the full support of her family and her boyfriend to ensure that if she is released, she will engage with all the requirements and directives from this Court, ACS and family court as she works to try to recover custody of her children.

**Applicable Law**

Under the Bail Reform Act, pretrial detention is appropriate only if the District Court determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also United States v. Paulino*, 335 F. Supp. 3d 600, 609 (S.D.N.Y. 2018). When a defendant is charged with certain enumerated offenses, a rebuttable presumption arises that no conditions can provide the requisite assurances." *Paulino*, 335 F. Supp. 3d at 610 (citing 18 U.S.C. § 1342(e)(3)). A defendant "rebut[s] that presumption by coming forward with evidence that [s]he does not pose a danger to the community or a risk of flight." *Id*. (quoting *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011)). "[T]he burden on the defendant[] is one of production, not persuasion," *United States v. Mattis*, 963 F.3d 285, 292 (2d Cir. 2020), and "the Government still bears the burden of persuasion of demonstrating dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence." *Paulino*, 335 F. Supp. 3d at 610. "In making its determination as to whether a defendant poses a danger to the community, the district court must consider the . . . factors set forth in 18 U.S.C. § 3142(g): '(1) the nature and the circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and . . . (4) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.'" *Mattis*, 963 F.3d at 291 (quoting 18 U.S.C. § 3142(g)).

The district court reviews a magistrate judge's bail determination *de novo*, "exercis[ing] its independent judgment, and not defer[ring] to the magistrate." *Id*. at 609.

**Proposed Bail Package**

This bail proposal does not merely ask for release because Ms. Doyle needs treatment. The proposed plan provides the structure and oversight necessary to allay the Court's legitimate concerns of dangerousness to the community. Ms. Doyle has a bed at a reputable treatment program that has been chosen specifically to address her needs. That program will communicate directly with Ms. Doyle's Pretrial Services officer to keep them (and the Court) updated as to her progress. In addition, we request that Ms. Doyle be fitted with an ankle monitor to add another level of supervision.

What this proposal envisions is that Ms. Doyle be released from custody directly to the Samaritan Daytop Village treatment program for a period of at least six months. Ms. Doyle's defense team will work with the treatment program to arrange transport directly to their facility. As this proposal recommends that Ms. Doyle be fitted with a location monitor to be supervised by Pretrial Services, the defense team and the Doyle family will ensure that upon release, Ms. Doyle immediately reports to Pretrial Services to be fitted with an ankle monitor. After meeting with Pretrial Services, we will ensure that Ms. Doyle is transported directly to the Samaritan Daytop treatment facility to begin her inpatient treatment.

This application also proposes that upon successful completion of inpatient treatment, Ms. Doyle be permitted to remain at liberty but under home detention and with continued outpatient drug and alcohol treatment. Should the Court accept the present bail proposal, Ms. Doyle would accept any and all other conditions to her release that the Court deems appropriate.

Thank you for your consideration of this request and should the Court require any further information, we will work diligently to provide.

Respectfully submitted,

*Ken Womble*

Ken Womble
Counsel for Francheska Doyle

Cc:    AUSA Georgia Kostopoulos